# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| David Zalewski,<br><br>Plaintiff,<br><br>v.<br><br>Virgin Enterprises Limited d/b/a Virgin Voyages, an English Limited Company; Virgin Cruises Intermediate Limited, Inc., a Corporation of Form Unknown; and DOES 1-10,<br><br>Defendants. | Case No.: 1:22-cv-4815 |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

## **JURY TRIAL DEMANDED**

Plaintiff, David Zalewski ("Zalewski"), by and through its undersigned attorneys, complains and alleges against Defendants as follows:

## NATURE OF ACTION

1. Plaintiff seeks injunctive relief and damages stemming Defendants' Virgin Enterprises Limited d/b/a "Virgin Voyages" and Virgin Cruises Intermediate Limited, Inc. (collectively "Virgin") and DOES 1-10 (collectively "Defendants"), acts of copyright infringement in violation of the laws of the United States of America.

## JURISDICTION AND VENUE

2. This action arises under the Copyright Act of 1976, Title 117 U.S.C. § 101, et seq.

3. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

4. The Court has personal jurisdiction over Defendants and each of them because Defendants have purposefully directed their unlawful conduct to this judicial district and have conducted substantial business in this judicial district.

5. Venue is proper under 28 U.S.C. § 1391(c) and 1400(a) because a substantial part of the acts and omissions giving rise to the claims occurred here,

## PARTIES

6. Plaintiff Zalewski is a renowned artist who creates artwork under the name "Giz" and resides in New York, New York.

7. Upon information and belief, Defendants Virgin are based in Florida and doing business in and with this District.

8. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10,

inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

9.Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## DEFENDANTS' INFRINGEMENT OF COPYRIGHTED MURAL

10. Zalewski is a renowned artist who is also widely known by the pseudonym "Giz". Zalewski produced an original mural (the "Subject Work").

11. Zalewski complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et. seq.*, and is the owner of the exclusive rights, title, interests, and privileges in and to the Subject Work. The Subject Work is an original work copyrightable under the Copyright Act, which has been registered in full compliance with the Copyright Act.

12. Zalewski has not authorized Defendants to copy, reproduce, duplicate, disseminate, distribute, or create derivative works of the Subject Work.

13. Prior to the acts complained of herein, Plaintiff displayed the Subject Work to the public.

14. Zalewski is informed and believes and thereon alleges that Virgin, DOE Defendants, and each of them reproduced his copyrighted mural on its commercial website without Zalewski's authorization or consent (hereinafter "Infringing Content").

15. A representative sample of the Subject Work, and exemplars of Infringing Content are set forth hereinbelow:

**Subject Work:** **Infringing Content:**

 

16. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Work, including, without limitation, through the physical work and on the internet.

17. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by reproducing the Subject Work on its commercial website, virginvoyages.com, without Zalewski's authorization or consent.

18. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered damages in an amount to be established at trial.

19. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained profits they would not

otherwise have realized but for their infringement of the Subject Work. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement of the Subject Design in an amount to be established at trial.

20. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants—each of them—and their respective agents and servants be enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrights in the Subject Design;

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

///
///

## JURY DEMAND

Zalewski demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: June 8, 2022                          DONIGER / BURROUGHS

                                              By:    */s/ Scott Alan Burroughs*
                                                        Scott Alan Burroughs, Esq.
                                                        Laura M. Zaharia
                                                        247 Water Street, First Floor
                                                        New York, New York 10038
                                                        (310) 590-1820
                                                        scott@donigerlawfirm.com
                                                        lzaharia@donigerlawfirm.com
                                                        Attorneys for Plaintiff